## KNOTHE v. KAISER.

*Guardianship — when guardian liable for negligence in management of estate of ward.*

A guardian rented the real estate of his ward for several years in succession in January, the renting being effected by auction. It was shown that the custom at the place where the estate was situated was to rent in the spring; that, at that time, a higher rent could be obtained than could in January, and that the rent received was much too low. *Held,* that a decree of the surrogate charging the guardian with the difference between the rent received and that which should have been received was correct.

APPEAL by Frederick Knothe from a decree of the surrogate of Erie county, charging appellant, who was general guardian of Mary Kaiser, with one-sixth part of the sum of $1,283.50 which he should have received for the rent of premises in addition to what he did receive for such rent.

The premises in question were situated in Tonawanda in said county, and belonged to said Mary Kaiser and five others, minor children and only heirs at law of John Kaiser, deceased, of which children the appellant was appointed general guardian in 1866. At the time of his appointment, appellant assumed control of the premises and continued to manage the same without rendering any account up to 1873, when Mary Kaiser became of age and petitioned the surrogate above named for a settlement of the guardian's accounts. At the accounting it appeared that the guardian had received, for the rent of the property during various years from 1869, these sums: For the year 1869 (from January 1, 1869, to January 1, 1870), $175, and for the years succeeding, $150 a year; that the renting was in each instance effected in the early part of January in each year by putting the premises up at auction. Evidence was introduced to show that it was the custom in the place to rent real estate in the spring, that it would rent much better then than in January; that

in 1869, rents of real property in Tonawanda rose very much, and that such property as that in question could be rented at prices estimated by some witnesses at $300 to $400 for the years 1866 to 1873, and that the demand for such property was greater than the supply. Other facts appear sufficiently in the opinion.

*George Wing*, for appellant. The question of fact decided by the surrogate can be reviewed on appeal. *Robinson* v. *Raynor*, 28 N. Y. 494. The surrogate erred in charging appellant more rent than he received. *White* v. *Parker*, 8 Barb. 52, 53. Also cited *Hart* v. *Ten Eyck*, 2 Johns. Ch. 76 ; *Thompson* v. *Brown*, 4 id. 628 ; *Lovell* v. *Minot*, 20 Pick. 119.

*Charles W. Goodyear*, for respondent.

MULLIN, P. J. The questions presented by the appeal in this case are: *First*. Whether the appellant as guardian of the respondent and other minor children of John Kaiser, deceased, is chargeable with such neglect of duty in renting the premises that descended to them from their father, as to authorize the surrogate to charge him with a larger amount as the rent of said premises than he actually rented them for. And *Second*. Whether he was properly chargeable with a portion of the costs of the accounting.

It was proved that for several years before the accounting the property had largely increased in value, and that there was, in the spring of the year, quite a demand for houses of the description of the one owned by the wards, and that it was rented about the first of January when there was a very limited demand for houses, by auction, an unusual way of renting property, and that the rent received was, with the exception of a single year, $150 per year, notwithstanding the property increased in value so that at the time of the accounting it was worth nearly double what it was in 1866.

Whether the guardian was chargeable with such a degree of neglect in the management of the property belonging to his wards as made it proper to charge him with a larger rent than was actually received by him was one for the surrogate, and we cannot say that he decided it erroneously.

It would seem that the guardian was chargeable with favoritism to the tenant, both in the rent charged and in the repairs allowed. I am of the opinion that the decision of the surrogate was right, not only in charging the guardian with an additional amount of

rent, but with a part at least of the costs made necessary by his misconduct in his office.

The decree of the surrogate is affirmed, with costs to be paid by appellant.

*Decree affirmed.*